## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CAMILLE MCCLAIN )<br>1121 N. Martway Dr., No. 103 )<br>Olathe, KS 66061 )<br>   )<br>   Plaintiff, )<br>   )<br>vs. )<br>   )<br>   )<br>SWANSON, WALKER AND )<br>ASSOCIATES, INC. )<br>556 S. Transit Rd. )<br>Lockport, NY 14094 )<br>   )<br>And )<br>   )<br>OLIVIA WESTON )<br>address to be determined )<br>   )<br>   Defendants. ) | Case No.  13-cv-2453 JTM/KGG |

### COMPLAINT

NOW COMES the Plaintiff, Camille McClain, by and through her attorneys, Addleman Law Firm, LLC, and for her complaint against the Defendants, Swanson, Walker and Associates, Inc., Plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

**II.   JURISDICTION & VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1381(b). Plaintiff respectfully requests trial in Kansas City, Kansas in accordance with rule 40.2.

### III.     PARTIES

4.      Camille McClain, (hereinafter, "Plaintiff") is a natural person who resides in Olathe, Kansas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.      Swanson, Walker and Associates, Inc. (hereinafter, "Defendant Swanson") is a business entity engaged in the collection of debt within the State of Kansas. To the best knowledge and belief of Plaintiff, Defendant Swanson is a New York Corporation operating from an address of 556 S. Transit Rd., Lockport, NY 14094, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Olivia Weston, (hereinafter "Defendant Weston") is a natural person who was employed at all times relevant herein by Defendant Swanson as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV.     ALLEGATIONS

7.      The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

*August 2013 Collection calls to Camille McClain*

8.      On or about August 29, 2013, Plaintiff received a collection call from a Defendant Swanson employee, Defendant Weston. Defendant Weston left a voice message on Plaintiff's cell phone inquiring as to Plaintiff's availability to be served legal papers.

9.      The message stated, " This is Olivia Weston. I'm calling from Legal Caring Services. I have a legal summons in hand and I am scheduled to go out to your home and

place of employment within twenty-four to forty-eight hours. Please make yourself available with two forms of I.D. and if at work, a supervisor or head of security will need to sign off as a witness..."

10. On or about August 30, 2013 Defendant Weston left another message that further threatened that if Plaintiff failed to respond she would miss her court appearance and suffer the consequences.

11. Defendant has no standing to commence legal proceedings on behalf of the creditor.

12. This statement was intended to create anxiety, stress and intimidation in order to collect a debt.

13. The message failed to provide the required mini-Miranda to Plaintiff by stating she was a debt collector, that she was attempting to collect a debt and that any information obtained would be used for that purpose. Plaintiff never received any information in writing or ever received proper communication from Defendants'.

14. Defendants' have not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debts, with written verification of the amount of the debts, the name of the creditor to whom the debt is allegedly owed or provided the required statement to Plaintiff that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants' violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Failed to disclose in communications that said communication was from a

          debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. § 1692e(11);

b. Failed to provide verification of the amount of the debt, the name of the creditor to which the debt is allegedly owed, and the necessary statement to consumer regarding the effect of failing to dispute the debt, in violation of 15 U.S.C. §1692g(a);

c. Used misleading and deceptive language in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(5) in that they threaten to take action that cannot legally be taken or that is not intended to be taken;

d. Used a false name other than the name of the debt collector's business in violation of 15 U.S.C. § 1692e(14);

e. Used misleading language that documents are legal process in violation of 15 U.S.C. § 1692e(13);

f. Used false and misleading language that documents are authorized, issued or approved by any court official or agency of the United States or state in violation of 15 U.S.C. § 1692e(9);

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

19. As a result of Defendants' violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, fear, embarrassment, mental anguish and emotional distress. Furthermore, this encounter has directly led to stress for the Plaintiff at both her place of employment and home as she prepares to be served legal process.

## V.    **JURY DEMAND**

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable in Kansas City, Kansas in accordance with rule 40.2. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camille McClain, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from each and every Defendant named herein;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant named herein;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant named herein;

d. Any other relief deemed appropriate by this Honorable court.

Respectfully submitted,

By: s/Thomas A. Addleman
THOMAS A. ADDLEMAN
KS BAR # 21104
ADDLEMAN LAW FIRM
255 NW BLUE PARKWAY, SUITE 200
LEE'S SUMMIT, MO  64068
Telephone:  816-994-6200
Facsimile:  816-396-6240
E-mail:  tom@addlemanlawfirm.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS            )
                           ) ss.
COUNTY OF JOHNSON          )

Plaintiff Camille McClain, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Camille McClain

Subscribed and sworn to before me
this 4th day of September, 2013

_____
Notary Public

Thomas R. Watson
Notary Public - State of Kansas
My Appt. Expires 3/02/2016